IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

      Plaintiff,

vs.                                                              Civ. No. 25-7126 KK/SCY

ONPOINTE MANAGEMENT, INC.; THE RIO
AT RUST CENTER, LLC, d/b/a THE RIO AT
CABEZON; WSQUARED ENTERPRISES, LP;
ONPOINTE HEALTH MANAGEMENT, LLC,
n/k/a ONPOINTE MANAGEMENT, LLC;
ONPOINTE BUSINESS SERVICES, LLC;
JERRY WILLIAMSON; HORACE
WINCHESTER, JR.; KRISTINA SCHMIDT,
ADMINISTRATOR; DAVID ABBOTT, AS
PERSONAL REPRESENTATIVE FOR THE
WRONGFUL DEATH ESTATE OF MARILYN
ABBOTT; REHAB SUITES AT LAS
ESTANCIAS, LLC, d/b/a THE RIO AT LAS
ESTANCIAS; JUSTIN KAUFMAN, AS
PERSONAL REPRESENTATIVE FOR THE
ESTATE OF MARIA ALTAGRACIA
VALENCIA LANE; ROCHADIE VIGIL; FIESTA
PARK HEALTHCARE, LLC d/b/a MEDICAL
RESORT AT FIESTA PARK (THE);
ENCHANTED HEALTH DEVELOPMENT,
LLC; ANNMARIE DVORAK; REBECCA
VIGIL; HELEN THERESA HOLLAN;
ALBUQUERQUE OPERATIONS, LLC, d/b/a
AVAMERE REHABILITIATION AT FIESTA
PARK f/k/a MEDICAL RESORT ATFIESTA
PARK (THE),

      Defendants.

## ORDER TO AMEND COMPLAINT

This matter comes before the Court sua sponte, following its review of the complaint filed by Plaintiff National Fire & Marine Insurance Company on February 5, 2025. Doc. 1. Plaintiff filed this action in federal court citing diversity jurisdiction. *Id.* ¶ 26. The Court has a

sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a). "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). The Court, having considered the complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the complaint fails to allege the necessary facts to sustain diversity jurisdiction.

I.      **Deficient Allegations As To Defendants' Citizenships**

- Defendant OnPointe Management, Inc.

The complaint alleges that "OnPointe Management, Inc. is and was at all times mentioned herein a limited liability company organized and existing under the laws of the State of Texas, doing business in the State of New Mexico." Compl. ¶ 3. This defendant appears by name to be a corporation and a corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. 28 U.S.C. § 1332(c). If OnPointe Management, Inc. is a corporation, the complaint fails to allege its principal place of business.

On the other hand, if this defendant is a limited liability company ("LLC"), as the complaint alleges, the complaint should explain the discrepancy between the name and the corporate status. In addition, determining the citizenship of an unincorporated entity such as LLC is different from determining the citizenship of a corporation. An LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"); *see also* NMSA § 53-19-7 (an LLC

is an association of persons). If OnPointe Management, Inc. is an unincorporated limited liability company, the complaint fails to identify its members and allege the citizenship of all members.

- David Abbott, as Personal Representative of the Wrongful Death Estate of Marilyn Abbott

The complaint alleges that "David Abbott, as Personal Representative of the Wrongful Death Estate of Marilyn Abbott, is and was at all times mentioned herein a resident of Sandoval County, New Mexico" and that "Marilyn Abbott was at all times mentioned herein a resident of Sandoval County, New Mexico." Compl. ¶¶ 4-5. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); *see also Brown v. Mahdi*, 482 F. Supp. 2d 1300, 1305 (D.N.M. 2007) ("[T]he Court concludes that a personal representative under the [New Mexico Wrongful Death Act] constitutes a 'legal representative of the estate' within the meaning of § 1332(c)(2)."). Therefore, only Marilyn Abbott's citizenship is relevant.

Residency, as alleged in this complaint, is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing

requirement to amend notice of removal). The complaint fails to allege Marilyn Abbott's citizenship.

- The Rio at Rust Centre, LLC, d/b/a The Rio at Cabezon

The complaint alleges that "The Rio at Rust Centre, LLC, d/b/a The Rio at Cabezon, is and was at all times mentioned herein a limited liability company organized and existing under the laws of the State of New Mexico." Compl. ¶ 6. As discussed above, an LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel*, 781 F.3d at 1237-38.

Plaintiff's complaint does not provide any information as to the citizenship of the members of The Rio at Rust Centre, LLC. To sufficiently allege jurisdiction in federal court, Plaintiff must identify each member by name and specifically allege that member's citizenship. *DCP Operating Co., LP v. Travelers Indem. Co.*, No. 24cv628 SMD/KRS, 2025 WL 404906, at *2 (D.N.M. Feb. 5, 2025) ("To properly allege the citizenship of one of these types of business entities [LLCs], the party seeking federal court jurisdiction must start by identifying each and every partner or member of the entity, and if any of those partners or members are themselves entities, their constituent persons or entities must also be identified, and so on as far down as necessary to unravel fully the citizenship of the entity before the court." (internal quotation marks omitted)); *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) ("[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." (internal quotation marks omitted)).

- WSquared Enterprises, LP

The complaint alleges that "WSquared Enterprises, LP, is and was at all times mentioned

4

herein a limited partnership organized and existing under the laws of the State of Texas, doing business in the State of New Mexico." Compl. ¶ 7. Similarly to an LLC, an LP is an unincorporated entity that is a citizen of each and every state in which any member is a citizen. *See Penteco Corp., Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905-06 (10th Cir. 2015). The complaint fails to identify each of the members of WSquared Enterprises, LP and their citizenship.

- OnPointe Health Management, LLC, n/k/a OnPointe Management, LLC

The complaint does not identify the members and allege the citizenship of the members of this LLC. Compl. ¶ 8.

- OnPointe Business Services, LLC

The complaint does not identify the members and allege the citizenship of the members of this LLC. Compl. ¶ 9.

- Jerry Williamson, Horace Winchester, Jr., and Kristina Schmidt

The complaint alleges the residency of these defendants and not their citizenship. Compl. ¶¶ 10-12.

- Rehab Suites at Las Estancias, LLC, d/b/a The Rio at Las Estancias

The complaint does not identify the members and allege the citizenship of the members of this LLC. Compl. ¶ 9.

- Justin Kaufman, as Personal Representative for the Estate of Maria Altagracia Valencia Lane

The complaint alleges the residency of Maria Altagracia and not her citizenship. Compl. ¶¶ 14-15.

5

- Rochadie Vigil

The complaint alleges the residency of Rochadie Vigil and not her citizenship. Compl. ¶ 16.

- Fiesta Park Healthcare, LLC, d/b/a The Medical Resort at Fiesta Park

The complaint does not identify the members and allege the citizenship of the members of this LLC. Compl. ¶ 17.

- Enchanted Health Development, LLC

The complaint does not identify the members and allege the citizenship of the members of this LLC. Compl. ¶ 18.

- Annmarie Dvorak, Rebecca Vigil, and Helen Theresa Hollan

The complaint alleges the residency of these defendants and not their citizenship. Compl. ¶¶ 19-21.

- Albuquerque Operations, LLC, d/b/a Avamere Rehabilitation at Fiesta Park f/k/a Medical Resort at Fiesta Park (The)

The complaint does not identify the members and allege the citizenship of the members of this LLC. Compl. ¶ 22.

## II.   Order To Amend

The Court will give Plaintiff the opportunity to cure and allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS HEREBY ORDERED** that Plaintiff amend the complaint to properly allege facts sufficient for diversity jurisdiction as outlined above, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than May 9, 2025, subject to reasonable requests for extension of time. If such an amended complaint or request for extension of time is not filed by May 9, 2025, the Court may dismiss this action without prejudice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE